## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                          CRIMINAL ACTION NO.   3:19-00266-01

RUDOLPH VALENTINO JACKSON
     also known as "Tripp"

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Mr. Jackson's Motion for Compassionate Release (ECF No. 96). On March 29, 2021, the Court directed the United States to submit a response, and to obtain and file Mr. Jackson's medical records. On April 5, 2021, the United States timely submitted these materials (ECF No. 98). Mr. Jackson's motion is now ripe for review. For the reasons stated below, the Motion for Release is **DENIED**.

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. But before defendants may request such a reduction, defendants must ask the Bureau of Prisons to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

Here, Mr. Jackson has demonstrated that he exhausted his administrative remedies by submitting copies of his requests and BOP's responses. ECF No. 96-2. Therefore, the Court may proceed to the merits of his argument that his health conditions place him at risk of serious complications from COVID-19 and establish an extraordinary and compelling reason for release.

Courts may reduce an inmate's sentence if (1) there are "extraordinary and compelling reasons" for release, and (2) the court considers "the factors set forth in section 3553(a) to the extent that they are applicable." *See* 18 U.S.C. § 3582(c). During the COVID-19 pandemic, courts have recognized that compassionate release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that he will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D.W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).

Here, the Court finds that Mr. Jackson has not demonstrated an extraordinary or compelling reason for release because FCI McKean is reporting only two inmates and zero staff members infected with COVID-19 as of April 8, 2021.[1] Moreover, according to Mr. Jackson's medical records, he previously tested positive for COVID-19 on December 1, 2020. While reinfection is possible, the Center for Disease Control suggests that people who have already had the virus once are less likely to contract it for a second time than people who have not yet contracted it.[2] Finally, although the Court is sympathetic to Mr. Jackson's concern about the virus, the Court finds that his medical conditions, hypertension and possible chronic kidney disease, are not sufficiently serious to justify release. The Court, therefore, **DENIES** the Motion for Compassionate Release (ECF No. 96).

---

[1] *Covid-19 Cases*, BOP https://www.bop.gov/coron avirus/index.jsp (last visited April 8, 2021).

[2] *Reinfection with COVID-19*, CDC (Jan. 19, 2020) https://www.cdc.gov /coronavirus/2019-ncov/yourhealth/reinfection.html ("Cases of reinfection with COVID-19 have been reported, but remain rare.").

The Court **DIRECTS** the Clerk to send a copy of this order to Defendant, counsel of record, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:          April 8, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE