IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL ACTION NO. 3:19-00266-01

RUDOLPH VALENTINO JACKSON
    also known as "Tripp"

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Mr. Rudolph Valentino Jackson's Second Motion Seeking Compassionate Release. ECF No. 105. Also pending is Mr. Jackson's letter-form Motion to Appoint Counsel. ECF No. 106. For the following reasons, the Court **DENIES** the Second Motion Seeking Compassionate Release and **DENIES** the Motion to Appoint Counsel as **MOOT**.

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. But before defendants may request such a reduction, defendants must ask the Bureau of Prisons (BOP) to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

Here, Mr. Jackson has demonstrated that he exhausted his administrative remedies by submitting copies of BOP's response to his request for Compassionate Release/Reduction in Sentence based on medical conditions. ECF No. 105 at 6. Therefore, the Court may proceed to the merits of his argument.

Courts may reduce an inmate's sentence if (1) there are "extraordinary and compelling reasons" for release, and (2) the court considers "the factors set forth in section 3553(a) to the extent that they are applicable." *See* 18 U.S.C. § 3582(c). During the COVID-19 pandemic, courts have recognized that compassionate release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that he will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D.W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate). The Fourth Circuit Court of Appeals has defined this "extraordinary and compelling circumstances" standard to be "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020).

Mr. Jackson previously filed a Motion for Compassionate Release (ECF No. 96), which was ultimately denied by this Court. ECF No. 100. In this first Motion, Mr. Jackson argued that he had health conditions that placed him at a higher risk COVID-19 infection. This Court held that his medical conditions, hypertension and possible chronic kidney disease, are not sufficiently serious enough to justify release. *Id.* at 2. Mr. Jackson has not raised any new medical conditions or ailments, and thus, the Court finds again that his conditions are not sufficiently serious to warrant release. Additionally, this Court noted that Mr. Jackson had already tested positive for COVID-19 in December of 2020. ECF No. 100 at 2. While reinfection is possible, the Center for Disease Control suggests that it is rare for people who have already been infected with the virus to contract it for a second time.[1]

---

[1] *Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (Jan. 12, 2022).

Mr. Jackson also argues that his place of confinement, FCI Allenwood, cannot adequately protect him from infection. ECF No. 105 at 2. FCI Allenwood has distributed 1,959 doses of COVID-19 vaccines to inmates and 575 doses to staff.[2] Currently, the facility has 17 inmate cases of coronavirus infection and is operating at a level three—intense modifications to protect the inmate population from infection.[3] While the facility is experiencing some COVID-19 cases, the facility is taking the measures necessary to protect the inmate population from infection. While Mr. Jackson argues that the facility cannot protect him adequately, he also argues that he has "faced a harsher and more punitive sentence" because the facility's modified operations—the protections imposed to protect inmates from infection—are too restrictive.[4] *Id.* at 3. He cannot credibly argue both.

Further, Mr. Jackson has not shown that he does not pose a danger to the safety of the community. This Court considers the § 3553(a) factors as a part of its analysis.

Mr. Jackson was convicted of four counts of distribution of heroin, which contained fentanyl, and one count of aiding and abetting possession with intent to distribute methamphetamine. These are serious crimes involving dangerous drugs that endanger the safety of the community. Mr. Jackson was sentence to 71 months imprisonment on June 22, 2020. ECF No. 83. This sentence already reflected a downward variance, and Mr. Jackson still has a significant amount of time to serve. *Id.*

## CONCLUSION

---

[2] *COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (Jan. 12, 2022).
[3] *COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (Jan. 12, 2022); *see also Information for the 4B Inmate Population*, ECF No. 105 at 7 (detailing the safety measures taken to protect inmates from COVID-19 infection when two inmates tested positive in the unit).
[4] It is worth noting that all 98 federal facilities are currently operating at level three modifications. *COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (Jan. 12, 2022).

For the foregoing reasons, this Court **DENIES** Mr. Jackson's Second Motion Seeking Compassionate Release. ECF No. 105.

The letter-form Motion to Appoint Counsel is **DENIED as MOOT**. ECF No. 106.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Defendant, counsel of record, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:  January 12, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE